UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMY HUCKER,

                                  Plaintiff,

v.                                                          Civil Action No. _____

RECOVERY PARTNERS, LLC, a/k/a
RECOVERY SOLUTIONS a/k/a RP SOLUTIONS

                                  Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff, Amy Hucker, is a natural person residing in the County of Genesee and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Recovery Partners, LLC, is a limited liability company organized and existing under the laws of the State of Arizona and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a credit card debt to HSBC. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by the current debt holder to collect on the subject debt.

13. That in or about May of 2011, Defendant began calling Plaintiff on her cellular telephone multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

14. That Plaintiff never received any written communication from the Defendant.

15. That the total number of the telephone calls to Plaintiff's cellular telephone was beyond a reasonable amount and was excessive.

16. That Defendant would often leave message for the Plaintiff on her cellular telephone where Defendant fails to give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt.

17. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

18. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    B. Defendant violated 15 U.S.C. §1692g and 15 U.S.C. §1692e(11) by failing to give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt in the multiple messages left for Plaintiff.

    C. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff the required 30 day validation notice within five days of the initial communication.

20. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: October 3, 2011

            /s/ Seth J. Andrews_____
            Seth J. Andrews Esq.
            Law Offices of Kenneth Hiller, PLLC
            *Attorneys for the Plaintiff*
            6000 North Bailey Ave., Suite 1A
            Amherst, NY 14226
            (716) 564-3288
            Email: sandrews@kennethhiller.com